**WRIGHT et al. v. NATION et al.**

No. 13033—Opinion Filed April 22, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

1. **Oil and Gas—Contract for Lease—Damages for Breach—Sufficiency of Evidence.**

It is error to sustain a demurrer to testimony which shows the execution of a contract to convey an oil and gas lease, a willful breach, with attendant damages.

2. **Fraud—Insufficiency of Petition.**

No error can be predicated upon the action of a trial court in sustaining a demurrer to a petition alleging damages from fraud when

the affirmative facts pleaded fail to disclose acts sufficient to support such allegation.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by E. C. Wright and Fred S. Huffman against Addie Nation, W. R. Nation, and the Atlas Petroleum Company for cancellation of an oil and gas lease and for damages amounting to $600 for failure to deliver valid lease to plaintiffs. Judgment for defendants; plaintiffs appeal. Affirmed as to the defendant Atlas Petroleum Company, and reversed as to defendants W. R. Nation and Addie Nation, and remanded for a new trial as to the latter defendants.

John F. Pendleton, A. R. Lamb, Clement A. Reed, and W. S. Hamilton, for plaintiffs in error.

E. J. Raymond and Geo. B. Schwabe, for defendants in error.

WARREN, J. In this case the plaintiffs, E. C. Wright and Fred S. Huffman, sued the defendants, Addie Nation, W. R. Nation, and the Atlas Petroleum Company, for cancellation of oil and gas lease and for damages amounting to $600 for failure to deliver valid lease to plaintiffs. They allege former lease by the Nations to Atlas Petroleum Company under the terms of which if no well was drilled thereon, lease was to terminate on the 27th day of April, 1918, unless an annual rental of $80 per year was paid lessor. They further allege such well was not drilled nor was such annual rental paid by the Atlas Petroleum Company and the lease thereby terminated.

On the 8th day of July following, the allegation is that the Nations leased the lands for oil and gas to the plaintiffs, the said lease being placed in the hands of a third person for future delivery on the approval of abstract of title, at which time $80 should be paid lessors. They allege a written contract to make such lease, which was breached. They charge that the Atlas Company conspired with the defendants Nation to cheat the plaintiffs by inducing the said Nations to accept the annual rental on the said lease of the Atlas Company after the lease executed to plaintiffs and placed in escrow. They allege a breach of contract on the part of the defendants Nation and allege damages amounting to $600. They further pray a cancellation of the Atlas lease and for further relief. The defendant Atlas Company filed a general demurrer to the petition, which was sustained as to the damage feature and overruled as to the cancellation of the lease, to which exception was duly taken.

The defendants W. R. Nation and Addie Nation filed a general demurrer, which was overruled. Defendants W. R. Nation and Addie Nation answered with a general denial, with allegations that plaintiffs were to procure the release of the Atlas lease, and alleging it would not be assigned. The Atlas Company answered, alleging ownership of a valid oil and gas lease on the premises, and with a cross-petition praying cancellation of plaintiffs' lease and a permanent injunction restraining plaintiffs from asserting a lease on the premises. A general denial was filed for a reply.

The plaintiffs assert error in sustaining the demurrer of the Atlas Petroleum Company to the charge for damages, in the sustaining of the demurrer of the Atlas Petroleum Company to the evidence, and in sustaining the demurrer of the Nations to evidence.

The demurrer of the Atlas Petroleum Company was properly sustained for the reason that the charge in the petition that the Atlas Company conspired to cheat and defraud the plaintiff was a mere conclusion that was negatived by the facts alleged, to wit, that they induced the Nations to accept the annual rentals. This, they had a right to do; the wrong if any was on the part of the Nations. Further the petition did not state a cause of action in favor of the plaintiffs as to the cancellation. The plaintiffs had no lease; they did not contend the lease of July 8th had ever been delivered to them, and they did not so allege. They alleged a breach of contract on the part of the Nations for failure to deliver, but this would not support an action against the Atlas Company to cancel its lease. They did not even allege a willingness to accept the lease placed in escrow, but actually disclaimed it as of no value. This, they had a right to do and sue the Nations for their breach. Inasmuch as the petition did not state a cause of action against the Atlas Company for cancellation, it was not error to sustain a demurrer to the evidence as against the defendants W. R. Nation and Addie Nation. They entered into a valid written contract with the plaintiffs for the sale of this oil and gas lease. They willfully breached the agreement in so far as the proof of the plaintiffs discloses by accepting the money of the Atlas Company for its annual rentals and in failing and refusing to furnish abstract. On the refusal of the Nations to carry out the contract by furnishing abstract and by rendering performance impossible by accepting annual rentals from the Atlas Company, the plaintiffs were entitled to treat the contract as broken and sue for the breach. Stark v. Duval, 7 Okla. 213, 54 Pac. 453.

Section 5976, Comp. Stat. 1921, provides:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

Under this section plaintiffs were entitled to show the actual detriment, if any, suffered by them because of the breach and to have the matter of damages for the breach submitted to the jury under proper instructions.

The judgment of the trial court will, therefore, be affirmed as to the defendant Atlas Petroleum Company, and reversed as to defendants W. R. Nation and Addie Nation, and remanded for a new trial as to the latter defendants.

McNEILL, V. C. J., and BRANSON, COCHRAN, and HARRISON, JJ., concur.